Mark B. Mizrahi Esq. (State Bar #179384)
mmizrahi@wrslawyers.com
Lance M. Pritikin, Esq. (State Bar #250754)
lpritikin@wrslawyers.com
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., 9th Floor
Los Angeles, California 90064
PH: 310-478-4100 Ext. 270
FAX: 310-478-6363

Attorneys for Plaintiff,
International Oddities, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

International Oddities, Inc., a California corporation,

Plaintiff,

vs.

Domestic Oddities Wholesale Distribution LLC, a Nevada limited liability company, Eric C. Fontenelle, an individual, Rick Chervenak, an individual, Brett M. McSpadden, an individual, and Derek L. Durbin, an individual,

Defendants.

Case No.: CV 12-2259-CAS (RZx)

**PERMANENT INJUNCTION WITH RESPECT TO DEFENDANT RICK CHERVENAK, AN INDIVIDUAL**

WHEREAS, plaintiff International Oddities, Inc. (“IO” or “Plaintiff”) has filed its complaint in the above-entitled action against Defendant Rick Chervenak, an individual (“Chervenak”), among the various other above-named defendants (collectively “Defendants”) for trademark infringement, unfair competition, false designation of origin, dilution, and cyberpiracy, among other related causes, concerning IO’s federally registered trademarks INTERNATIONAL ODDITIES® and BLACK WIDOW®;

WHEREAS, Defendant Domestic Oddities Wholesale Distribution LLC, a Nevada limited liability company ("Domestic Oddities") is in the business of

marketing and selling various products over the Internet and through distributors and retail outlets, including, without limitation, "herbal incense," sometimes referred to generically as "potpourri," in part, through websites owned, operated, or hosted by one or more of the Defendants and/or their affiliates;

WHEREAS, in exchange for IO's dismissal of the complaint in this Action, without prejudice, as to Chervenak, only, Chervenak and IO have stipulated to entry of a permanent injunction as to Chervenak, on the following terms and conditions;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction of the subject matter and over Mr. Chervenak.

2. Mr. Chervenak waives the right to appeal from entry of this Permanent Injunction With Respect to Defendant Rick Chervenak, an Individual ("Permanent Injunction").

3. Plaintiff is a corporation organized under the laws of the State of California, having an address at 927 Deep Valley Drive, No. 163, Rolling Hills, CA 90274.

4. Defendant Rick Chervenak is an individual residing in Lehigh Acres, Florida.

5. IO's United States Trademark Registration No. 3,001,848 for the mark INTERNATIONAL ODDITIES in International Class 034 for "non-tobacco smoking products, namely, herbal tobacco substitute, not for medical use," ("Plaintiff's INTERNATIONAL ODDITIES Registration") is valid and subsisting and is owned by IO. This registration has since been granted incontestable status by the USPTO.

6. For approximately 17 years, Plaintiff has continuously used its INTERNATIONAL ODDITIES trade name and trademark alone and in combination with other words and symbols for its herbal smoking and dietary supplement products. International Oddities' goods have been sold and marketed throughout the United

States under the INTERNATIONAL ODDITIES mark. By virtue of such use, Plaintiff has also acquired common law rights in the trademark and trade name INTERNATIONAL ODDITIES. Plaintiff's INTERNATIONAL ODDITIES Registration and its common law rights in the INTERNATIONAL ODDITIES mark are collectively referred to herein as “Plaintiff's INTERNATIONAL ODDITIES mark.”

7. IO’s United States Trademark Registration No. 3,168,188 for the mark BLACK WIDOW in International Class 034, relating to “non-tobacco smoking products, namely, herbal tobacco substitute, not for medical use,” ("Plaintiff's BLACK WIDOW Registration") is valid and subsisting and is owned by IO. This registration has since been granted incontestable status by the USPTO. Plaintiff has also acquired common law rights in the mark/name BLACK WIDOW by virtue of its extensive use and advertising of goods under this mark/name. Plaintiff's BLACK WIDOW Registration and its common law rights in the BLACK WIDOW mark/name are collectively referred to herein as “Plaintiff's BLACK WIDOW mark.”

8. Plaintiff's BLACK WIDOW mark and Plaintiff's INTERNATIONAL ODDITIES mark are collectively referred to herein as the "IO TRADEMARKS."

9. As a result of Plaintiff’s extensive use and advertising, the IO TRADEMARKS have become well known to the industry and the purchasing public to designate herbal smoking-related products, among other products, originating from IO.

10. IO has superior rights to exclusive use of the IO TRADEMARKS vis-à-vis Chervenak.

11. Chervenak shall not in the future file or maintain an application for registration or a registration of any mark comprising or including the IO TRADEMARKS or any reproductions, copies, counterfeits or colorable imitations thereof or any terms confusingly similar thereto, including without limitation the marks "DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW,"

with the United States Patent and Trademark Office or any other governmental or state authority.

12. Chervenak and each of his employees, agents, servants, successors and assigns and any entity he has an ownership interest in (unless it is a publicly traded company in which it/he owns or controls less than 5% of issued and outstanding voting stock, including any stock that could be converted into voting stock), controls directly or indirectly or for which he is an officer, director, or provides advice or direction, and all those in active concert and participation, or affiliated with one or more of them or under authority of Mr. Chervenak who receive actual notice of this Permanent Injunction by personal service or otherwise, are hereby enjoined and restrained from:

(a) making, contributing to the making, or inducing others to make any use of a name, tradename, mark, URL, domain name, or computer code which comprises or includes one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW," especially any such use on or in connection with herbal incense, “potpourri,” herbal tobacco substitutes or any smoking-related products and accessories (including, without limitation, lighters, pipes, matchbooks, or any similar goods), sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

(b) offering for sale, selling, distributing, marketing, importing, advertising, promoting or giving away, or causing to be offered for sale, sold, distributed, marketed, imported, or given away any goods bearing one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly

similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW";

(c) shipping, delivering, distributing, returning, or otherwise disposing of in any manner other than destruction of packaging, or from causing to be shipped, delivered, distributed, returned, or disposed of (other than destroying packaging), products bearing one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW";

(d) displaying, advertising, or soliciting purchases, or causing to be displayed, advertised, or solicited, any product under one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW," over the Internet or otherwise;

(e) registering, maintaining, promoting, using, trafficking in, or engaging in any activities (directly or indirectly) with any domain name, web page name or URL which includes one or more of Plaintiff's trademarks (listed in **Exhibit 1** hereto) or any reproductions, counterfeits, copies or colorable imitations thereof or any terms confusingly similar thereto, including without limitation the <domesticoddities.com>, <domesticoddities.net> and <domesticoddities.org> domain names;

(f) maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, home page, web site, website content (including, without limitation, that which appears on "hidden

pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with any goods/business) that contains one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks "DOMESTIC ODDITIES," "BLACK WIDOW," and/or "WHITE WIDOW" (as used in this document, the capitalized term "Affiliates" means third-party owned websites/domain names that link to one or more websites owned, hosted, and/or operated by one of more of the Defendants);

(g) obtaining, registering, transferring, assigning, licensing, authorizing use, or otherwise displaying (directly or indirectly) of any domain name or URL which includes one or more of Plaintiff's trademarks (listed in **Exhibit 1** hereto) or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto, including without limitation the <domesticoddities.com>, <domesticoddities.net> and <domesticoddities.org> domain names, or undertaking any such activities to promote or utilize such domain names;

(h) identifying itself (directly or through his Affiliates) or any of his products over the telephone or by any other media (including the Internet) or printed matter as "International Oddities" or any confusingly similar term, or any reproduction, counterfeit, copy or colorable imitation of the "International Oddities" designation, including without limitation the mark/trade-name "DOMESTIC ODDITIES";

(i) infringing, inducing others to infringe, or contributing to the infringement of any of Plaintiff's trademarks (listed in **Exhibit 1** hereto)

or otherwise engaging in unfair competition with IO in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that one or more of the Defendants or their Affiliates or their products originate from or are affiliated with IO or that IO has otherwise sponsored, approved, or licensed any products or services of any of the Defendants or their Affiliates;

(j) passing off, inducing or enabling others (including, without limitation, Defendants' Affiliates) to sell or pass off any product not Plaintiff's or not produced under the control and supervision of Plaintiff as approved by Plaintiff for sale under one or more of Plaintiff's trademarks (listed in **Exhibit 1** hereto); and

(k) committing or contributing to any acts calculated to cause purchasers to believe that any products not Plaintiff's are those sold under the control and supervision of Plaintiff, or are sponsored or approved or connected with, guaranteed or produced under the control and supervision of Plaintiff, or otherwise infringing, inducing others to infringe, or contributing to the infringement of any of Plaintiff's trade names or Plaintiff's trademarks (listed in **Exhibit 1** hereto).

13. IT IS FURTHER ORDERED that, upon entry of this Permanent Injunction, Chervenak shall eliminate (and not thereafter resume use of) all references to or mentions of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and/or "WHITE WIDOW," from all labels, products, packaging, website content (including, without limitation, that which appears on “hidden pages”), any code whatsoever including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs,

banners and all other visual media under his control and shall terminate all advertising, under his control, bearing one or more of the IO TRADEMARKS or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the marks “DOMESTIC ODDITIES,” "BLACK WIDOW," and "WHITE WIDOW," from all third party media (including, without limitation, that of Defendants’ Affiliates), including print advertising and the Internet.

14. IT IS FURTHER ORDERED that, upon entry of this Consent Judgment and Permanent Injunction, Chervenak shall eliminate any content, including links, from any and all websites which he owns, controls, or operates that causes or tends to cause an Internet search engine to list or report a website – not selling goods that originate from or are otherwise authorized by Plaintiff, including, without limitation, Defendants' “DOMESTIC ODDITIES,” "BLACK WIDOW," or "WHITE WIDOW," products – based on a search query that includes one of Plaintiff’s trademarks (listed in **Exhibit 1** hereto) or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto.

15. In the event that Plaintiff believes that Chervenak has not complied with one or more of the terms set forth in this Permanent Injunction, then, in lieu of Central District Local Rule 7-3 procedures, Plaintiff shall notify Chervenak in writing specifying the nature of such noncompliance. Within seven (7) calendar days from receipt of such notice from Plaintiff, Chervenak shall notify Plaintiff by written affidavit whether or not the activity complained of was/is connected with any product or activity originating from Chervenak or his agents. In the event that, despite said written affidavit, Plaintiff continues to believe that Chervenak has not complied, or if the parties have not otherwise resolved the issue of noncompliance within that time to Plaintiff's satisfaction, then Plaintiff shall be entitled to initiate appropriate legal action. If Plaintiff notifies Chervenak of more than one instance of noncompliance that proves to be connected with goods/activities originating from Chervenak or his

agents within a one-year period, then Plaintiff shall be relieved of its duty to provide notice to Defendants under this paragraph or otherwise comply with the requirements of Local Rule 7-3 with regard to future violations.

16. This Court shall retain jurisdiction to construe, enforce, and implement this Permanent Injunction.

17. Plaintiff may issue subpoenas, pursuant to Fed. R. Civ. P. Rules 26 through 45, as appropriate to enable it to police and enforce compliance with this Permanent Injunction.

18. The prevailing party in any proceeding to enforce the terms of this Consent Judgment and Permanent Injunction shall be entitled to recover the attorneys' fees and costs incurred therewith.

Dated: May 3, 2012

Christina A. Snyder

The Honorable Christina A. Snyder,
United States District Judge

**STIPULATION**

IT IS HEREBY STIPULATED by and between the parties to the within action that the foregoing Permanent Injunction With Respect to Defendant Rick Chervenak, an Individual may be presented to the Court for approval and, when approved and signed by the Court, may be entered herein, all without further notice, and each party waives all right to seek review and appeal or otherwise therefrom.

Respectfully submitted,

Dated: April__, 2012

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

By: /s/ ______________________________

Mark B. Mizrahi (CA Bar No. 179384)

*Attorneys for Plaintiff, International Oddities, Inc.*

Dated: April__, 2012

Rick Chervenak, an Individual

By: /s/______________________________

Rick Chervenak, an Individual

*Defendant Appearing Pro se*